**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13329

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GILBERTO VAZQUEZ GOMEZ,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:17-cr-00403-MHH-SGC-1

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Gilberto Gomez appeals his sentence of 240 months' imprisonment for one count of production of child pornography.

18 U.S.C. § 2251(a).    He challenges his sentence on several grounds, which we address in turn.  After review, we affirm.

## I.  U.S.S.G. § 4B1.5(b) Enhancement

*A.  Factual findings*

First, Gomez contends the district court erred by enhancing his sentence under U.S.S.G. § 4B1.5(b) because its factual findings that he intended to and took substantial steps toward producing child pornography were clearly erroneous.  The Sentencing Guidelines provide for a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct."  U.S.S.G. § 4B1.5(b)(1).  An offense against minors under Title 18, Chapter 110 of the United States Code, which criminalizes production and attempted production of child pornography, is a "covered sex crime."  U.S.S.G. § 4B1.5, cmt. n.2; 18 U.S.C. § 2251(a), (e).

A defendant is guilty of attempt if he "(1) had the specific intent or mens rea to commit the underlying charged crime[], and (2) took actions that constituted a substantial step toward the commission of [the] crime."  *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007) (quotation marks omitted).  "A defendant's desire alone—wholly without respect to his likelihood of success—can establish his intent."  *United States v. Moran*, 57 F.4th 977, 981 (11th Cir. 2023).  A defendant's "sexual interest in children speaks to his desire to obtain child pornography."  *Id*. at 982.  A defendant takes

a "substantial step" if his "objective acts mark his conduct as criminal and, as a whole, strongly corroborate the required culpability." *Yost*, 479 F.3d at 819.  More specifically, a "'substantial step' means . . . something beyond mere preparation; it must be an act which, unless frustrated by some condition or event, would have resulted, in the ordinary and likely course of things, in the commission of the crime being attempted." *United States v. Rothenberg*, 610 F.3d 621, 627 n.8 (11th Cir. 2010) (quoting Special Instruction 11, Attempt(s), Pattern Jury Instructions (Eleventh Circuit, 2003)).

The district court's findings that Gomez intended to produce child pornography and took substantial steps toward doing so are not clearly erroneous.  *United States v. Isaac*, 987 F.3d 980, 990 (11th Cir. 2021) (stating we review "factual findings for clear error, and . . . application of the guidelines to the facts with due deference, which is tantamount to clear error review" (quotation marks omitted));  *United States v. Miranda*, 348 F.3d 1322, 1330 (11th Cir. 2003) (stating whether a defendant intended to commit a crime is a question of fact reviewed for clear error); *Rothenberg*, 610 F.3d at 624 (stating whether a defendant's conduct amounts to a substantial step toward committing a crime is also a question of fact reviewed for clear error).  M.P. testified that Gomez took her and M.C.'s underwear and hid them in his and Veronica Estrada's bedroom, sent her photos of his genitalia, and told her that he wanted to have a relationship with her, all while she was a minor.  The district court found her testimony credible.  Gomez's sexual interest in children speaks to his desire to produce child pornography, and his desire alone establishes his intent.  *See Moran*, 57 F.4th at 982.

Because Gomez's sexual interest establishes his intent "wholly without respect to his likelihood of success" in creating child pornography, his argument that the other media the Government collected merely depicted M.C. changing her clothes—i.e., that he was unsuccessful at creating *more* child pornography than he was convicted of creating—is meritless. *See id.* at 981. Gomez's argument that there is limited evidence of his sexual interest in children is also meritless because the district court permissibly credited M.P.'s extensive testimony about Gomez's sexual interest in her. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (providing a factual finding cannot be clearly erroneous when the factfinder chooses between two permissible views of the evidence).

Further, Gomez's placing his cell phone in the bathroom—together with his expressions of sexual interest in children and the instant offense conduct (his creation of pornographic screenshots from a video created by recording M.C. in the bathroom with his cell phone)—are "objective acts" that "as a whole, strongly corroborate [his] required culpability" and establish that he took a substantial step toward creating child pornography. *See Yost*, 479 F.3d at 819. Gomez went "beyond mere preparation" by placing his cell phone in the bathroom, an "act which, unless frustrated by some condition or event" would likely have resulted in the creation of child pornography. *See Rothenberg*, 610 F.3d at 627 n.8. Based on the evidence presented at sentencing, the district court permissibly viewed Gomez's leaving his phone in the bathroom as a substantial step toward creating child pornography. *See Saingerard*, 621 F.3d at

1343. Therefore, the district court's findings of fact supporting the § 4B1.5(b) enhancement were not clearly erroneous.

B. *"Pattern of activity" or "Prohibited sexual conduct"*

Second, Gomez asserts the district court erroneously enhanced his sentence because his attempted production of child pornography was not a "pattern of activity" or "prohibited sexual conduct" under U.S.S.G. § 4B1.5(b). According to § 4B1.5's commentary, a defendant engaged in a "pattern of activity" if he "engaged in prohibited sexual conduct with a minor" on "at least two separate occasions." U.S.S.G. § 4B1.5, cmt. n.4(B)(i). Interpreting that commentary, we have explained that a defendant's conduct qualifies as a "pattern of activity" "regardless of whether [his] crimes were committed against the same victim or different victims." *United States v. Boone*, 97 F.4th 1331, 1340-41 (11th Cir. 2024) (collecting cases).

Gomez's multiple attempts to produce child pornography constituted a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1). First, the evidence presented at Gomez's sentencing hearing shows he used his cell phone to record M.C. in the bathroom on at least two separate occasions—unsuccessfully on or around November 6, 2016, and again on or around November 14, 2016, when he was successful and produced the video and images depicting M.C. That conduct amounts to a "pattern of activity." U.S.S.G. § 4B1.5, cmt. n.4(B)(i);[1] *Boone*, 97 F.4th at

---

[1] Deferral to the Sentencing Guidelines' commentary is permitted only if the text of the Guidelines is genuinely ambiguous. *United States v. Dupree*, 57 F.4th

1340-41.  Second, Gomez's argument that "prohibited sexual conduct" does not include attempts to produce child pornography because the commentary's definition of that term does not expressly include attempts, while the commentary's definition of "covered sex crimes" does, fails.  The commentary defines "prohibited sexual conduct" to include offenses described in 18 U.S.C. § 2426(b)(1)(A), which lists offenses under Title 18, Chapter 110 of the United States Code, which in turn prohibits attempts to produce child pornography under 18 U.S.C. § 2251(e).  *See* U.S.S.G. § 4B1.5, cmt. n.4; 18 U.S.C. §§ 2426(b)(1)(A), 2251(e).  Therefore, the district court did not err in interpreting § 4B1.5(b) and applying it to Gomez.  *See United States v. Cingari*, 952 F.3d 1301, 1305 (11th Cir. 2020) (reviewing de novo the interpretation and application of the Sentencing Guidelines).

## II.  REASONABLENESS

### A.  Procedural Reasonableness

Third, Gomez contends the district court's sentencing-enhancement error made his sentence procedurally unreasonable.  A sentence is procedurally unreasonable if the court "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range, treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or

1269, 1275-77 (11th Cir. 2023) (en banc).  However, we have relied on a Guideline's commentary where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [a Guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023).

fail[ed] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

As discussed above, because the district court did not err by enhancing Gomez's sentence under § 4B1.5(b), he cannot carry his burden to establish that his sentence is procedurally unreasonable on that ground. *See United States v. Fox*, 926 F.3d 1275, 1282 (11th Cir. 2019) (stating the burden rests on the party challenging the sentence to show "the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts"). In any case, his arguments the district court might have downwardly varied from a lower sentencing range, that the district court only discussed the nature and circumstances of his offense as a basis for its chosen sentence, and that the nature and circumstances of his offense were already factored into his sentence through the § 4B1.5(b) enhancement do not establish his sentence is procedurally unreasonable. First, Gomez's 240-month sentence is well below the 360-month statutory maximum sentence for his conviction, an indicator of reasonableness. 18 U.S.C. § 2251(e); *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) ("A sentence imposed well below the statutory maximum penalty is [an] indicator of reasonableness."). Second, the district court was not required to discuss each of the § 3553(a) factors on the record; it was sufficient that it stated that Gomez's sentence was "based on the 3553(a) factors." *See United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007) (stating a district court is not required to state that it has explicitly considered each of the § 3553(a)

factors or discuss them specifically; its acknowledgement that it considered the defendant's arguments and the § 3553(a) factors is a sufficient explanation for a particular sentence).  Third, the district court could consider the nature and circumstances of Gomez's offense even though the § 4B1.5(b) enhancement may have accounted for them. *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021) (concluding that varying upward from the Guidelines range to account for multiple victims was not procedurally unreasonable, even when an enhancement was applied on the same grounds).  Therefore, Gomez's sentence is not procedurally unreasonable.

## B.  Substantive Reasonableness

Even if the court did err, such that Gomez's correct sentencing range was 168 to 210 months, the district court stated at sentencing that it would have imposed the same sentence even without the enhancement. *See United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006).  When a district court clearly states it would impose the same sentence regardless of its resolution of a Guidelines dispute, any error is harmless, as long as the sentence imposed is reasonable. *See id.*  To determine whether a sentence is reasonable when a district court makes such a statement, we assume "that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly" and then "ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Id.* at 1349.

Even assuming the lower advisory Guidelines range was correct, Gomez's sentence would still be reasonable given his child-pornography conviction. *See United States v. Sarras*, 575 F.3d 1191, 1220-21 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."). The district court stated that it considered Gomez's arguments but ultimately selected a 240-month sentence based on "the need to avoid unwarranted disparities among similarly situated defendants," "the nature and circumstance of []his offense," his history and characteristics, "the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes."[2] *See Scott*, 426 F.3d at 1329. Moreover, the district court explained it selected Gomez's sentence to account for the following: Gomez's conduct was "despicable . . . and [] conduct that we as a society, rightly so, have made clear that we will not tolerate and that we need to punish"; he "engaged in repeated attempts to create child pornography"; and "on at least two occasions" he "directly sent [M.P.] pictures of his genitalia" and "on multiple occasions" after M.P. blocked Gomez from contacting her, he "inquired

---

[2] The 18 U.S.C. § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the offense's seriousness, promoting respect for the law, just punishment, adequate deterrence, protecting the public, the Guidelines range, and the need to avoid unwarranted sentencing disparities among similar offenders. 18 U.S.C. § 3553(a).

as to whether or not she received additional information that he sent to her." Although Gomez argues the district court improperly weighed the § 3553(a) factors, this Court defers to the district court's weighing of these factors, *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (emphasizing we must give "due deference" to the district court to consider and weigh the proper sentencing factors), and will not "second guess" the weight given to a factor because Gomez's sentence is reasonable under the circumstances, *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (stating we "will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances").

Gomez's 240-month sentence is neither procedurally nor substantively unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *See Fox*, 926 F.3d at 1282.

**AFFIRMED.**